UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEROME T. DUNBAR, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:14-CV-1725 (JCH) |
| | : | |
| MICHAEL G. MARONICH, | : | |
| STEVEN D. ECKER, | : | |
| SUZANNE COLASANTO, | : | |
| 1630-CHAPEL, LLC, | : | |
|     Defendants. | : | NOVEMBER 26, 2014 |
| | : | |

**RULING ON MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

Plaintiff Jerome T. Dunbar brings this suit seeking declaratory and injunctive relief on the basis that certain state court proceedings were and are in violation of, inter alia, his rights under the United States Constitution. For the reasons that following, the Motion for Temporary Restraining Order is denied and the plaintiff is ordered to show cause why the case should not be dismissed for lack of jurisdiction.

In the Second Circuit, the standard for issuance of a temporary restraining order ("TRO") is the same as the standard for a preliminary injunction. Fairfield Cnty. Med. Ass'n v. United Healthcare of New England, 985 F. Supp. 2d 262, 270 (D. Conn. 2013) aff'd as modified sub nom. Fairfield Cnty. Med. Ass'n v. United Healthcare of New England, Inc., 557 F. App'x 53 (2d Cir. 2014). In order to obtain preliminary injunctive relief, a litigant must show, inter alia: "(1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Forest City Daly

1

Hous., Inc. v. Town of N. Hempstead, 175 F.3d 144, 149 (2d Cir. 1999).  The plaintiff cannot satisfy the second element, likelihood of success on the merits or sufficiently serious questions going to the merits, because the court lacks jurisdiction to hear his claims against defendant Judges Maronich and Ecker and Chief Clerk Colasant (the "Judicial Defendants"), and because he likely fails to state a claim against the last defendant, 1630-Chapel, LLC.

Addressing the Judicial Defendants first, the Rooker-Feldman doctrine requires the court to deny the requested relief for lack of jurisdiction.  Under the Rooker-Feldman doctrine, "the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment."  Hachamovitch v. DeBuono, 159 F.3d 687, 693 (2d Cir. 1998).  "[A]mong federal courts, only the Supreme Court has subject matter jurisdiction to review state court judgments" and "claims that are 'inextricably intertwined' with . . . prior state court determination[s]."  Johnson v. Smithsonian Inst., 189 F.3d 180, 185 (2d Cir. 1999).  "The jurisdiction possessed by the District Courts is strictly original."  Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

In this case, the plaintiff lost in state court and now complains of injuries caused by the state court judgment for possession against him.  He attempts to block his eviction by claiming that the state court proceedings were conducted improperly.

This court is not permitted to hear these claims.  Evaluating the plaintiff's claims would be tantamount to reviewing the judicial decisionmaking of the Connecticut courts. This is precisely what the Rooker-Feldman doctrine forbids.  See Rooker, 263 U.S. at 414–15; see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291

(2005) (explaining that the Rooker-Feldman doctrine applies when "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment."). Accordingly, the court appears to lack subject matter jurisdiction over the plaintiff's claims, and therefore the plaintiff is not likely to prevail on the merits in this court against the Judicial Defendants. Thus, the court cannot issue a TRO against these three defendants.

The Complaint also names his landlord as a defendant in the case. The court can discern no jurisdictional basis to hear any claims against the non-court defendant. Thus, the plaintiff has likewise not carried his burden of demonstrating a likelihood of success of the claims against his landlord, and the court cannot issue a TRO against this defendant.

A case is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) if the district court lacks the statutory or constitutional power to adjudicate the case. See Morrison v. Nat'l Austl. Bank Ltd., 561 U.S. 247, 264 (2010). The plaintiff bears the burden of establishing that the court has jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A district court may dismiss a complaint for lack of subject-matter jurisdiction sua sponte. See Castelle v. New York, 39 F. App'x 665 (2d Cir. 2002) (affirming sua sponte dismissal on the basis that Rooker-Feldman doctrine applied).

However, given that the plaintiff is acting pro se, the court will allow the plaintiff thirty (30) days to show cause why any of his claims should not be dismissed. Further, he is permitted thirty (30) days to replead any claims.

Further, absent a repleading of a claim against a defendant, the plaintiff is **ORDERED** to show cause why his existing claims should not be dismissed.

The plaintiff's Motion Emergency Preliminary Restraining Order and Temporary Restraining Order (Doc. No. 3) is **DENIED**.

The plaintiff has (30) days to respond to the Order to Show Cause or to replead any claims.  Failing a showing of good cause or an Amended Complaint that sets forth a basis for a claim over which this court has jurisdiction, the case will be dismissed.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 26th day of November, 2014.

/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge